**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARRYL F. TAYLOR,** | : |
|     **Plaintiff** | : |
| |    **CIVIL ACTION NO. 3:13-2831** |
|     v. | : |
| |    **(Mannion, D.J.)** |
| **COMMISSIONER OF,** | :    **(Mehalchick, M.J.)** |
| **SOCIAL SECURITY** | |
| | : |
|     **Defendant** | |

**M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Mehalchick, (Doc. 15), recommending that the decision of the Administrative Law Judge ("ALJ") be affirmed. Judge Mehalchick reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Supplemental Security Income ("SSI") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. Plaintiff has filed objections to the report and recommendation. (Doc. 16). Defendant responded to those objections. (Doc. 17).

**I.     STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.    DISCUSSION**

As more fully set forth in Judge Mehalchick's report, plaintiff Darryl Taylor applied for SSI alleging serious heart problems, hypertension, depression, and vision issues. A hearing was held before an ALJ. Plaintiff, represented by counsel, and a vocational expert ("VE") testified at the

2

hearing. The ALJ denied plaintiff's application on April 27, 2012, after finding that he retained the ability to meet the demands of his past relevant work as a fast food worker. (Doc. 11-2, at 11-19). The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work, to lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently, to stand or walk for six hours and sit for six to eight hours in an eight-hour workday, to complete simple one or two-step tasks, and to have superficial contact with co-workers, supervisors, and the public.

Plaintiff requested review by the Appeals Council, which denied his request on September 23, 2013. Plaintiff filed this complaint on November 20, 2013, requesting that the ALJ's decision be remanded for further proceedings.

As Judge Mehalchick's report explains, when reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Judge Mehalchick's report also details the five-step process that is

3

required to determine if an applicant is disabled under the Act. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work, and; (5) whether the applicant's impairment prevents the applicant from doing any other work. 20 C.F.R. §§404.1520, 416.920.

Here, plaintiff contends in his appeal that the ALJ failed to discuss or weigh two medical source opinions in the record - those of Dr. John Kelsey, the psychological consultative examiner, and Dr. Frank Mrykalo, the state agency psychologist. He argues that as a result of this failure, the ALJ's determination of his RFC is not supported by substantial evidence. Dr. Mrykalo found that plaintiff had moderate limitations in his ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the public and supervisors, and complete a normal workday and workweek without being interrupted by psychological symptoms and perform at a consistent pace without an unreasonable number of rest periods. (Tr. 571-72, Doc. 11-11, at 98-99). Dr. Kelsey opined that plaintiff has poor adjustment and coping skills, a personality disorder, and issues with conflict with coworkers and supervisors. (Tr. 308-311, Doc. 11-7, at 104).

As Judge Mehalchick's report explains, the ALJ's opinion does reflect that he considered the opinions of Drs. Kelsey and Mrykalo. He specifically addresses findings made by each doctor, discussing Dr. Kelsey's findings and citing to Dr. Mrykalo's report. (Tr. 16, Doc. 11-2, at 17). The ALJ also seemingly incorporated some of their findings into his RFC by limiting plaintiff to simple, one-or-two step tasks and to only superficial contact with coworkers, supervisors, and the public. The ALJ also noted that his RFC finding was supported by "a combination of the consultative evaluation reports" and other evidence of record. (Doc. 19, Doc. 11-2, at 20).

However, the ALJ's opinion fails to adequately explain how he reached his conclusions. "An ALJ must explain the weight given to physician opinions." Chandler v. Commissioner of Social Sec., 667 F.3d 356, 362 (3d Cir. 2011)(*citing* 20 C.F.R. §404.1527(e)(2)(ii)). But here, the ALJ at no point in his opinion stated how much consideration and weight he has given to the opinions of the doctors in question. Nor did he explain his reasons for adopting or not adopting the findings of these doctors. Moreover, the ALJ seemingly adopted some of the limitations suggested by Drs. Mrykalo and Kelsey into his RFC and did not adopt others, without explanation. For example, the ALJ does not make any mention of the finding that plaintiff had moderate limitations in his ability to complete a normal workday and workweek without being interrupted by psychological symptoms and to perform at a consistent pace without an unreasonable number of rest periods.

Nor did he ask the VE about the limitations in pace or the need for a significant number of rest periods. Had he included that limitation, his conclusion that plaintiff has the ability to perform a full range of medium work could have been altered. Without an explanation of how he considered the opinions and why he seemingly incorporated some of the opinions' limitations but not others, the court cannot say that the ALJ's opinion is supported by substantial evidence. *See* Davis v. Astrue, 2007 WL 2248830, at *4 (Jul. 30, 2014 E.D. Pa.)(*citing* Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004)( "[a]s numerous courts in this circuit have held, an ALJ's failure to include moderate limitations involving concentration, persistence, or pace, constitutes error warranting remand").

Defendants cite Wilkinson v. Commissioner of Soc. Sec., 558 F.App'x. 254, 256 (3d Cir. 2014) for the proposition that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." The court agrees, but Wilkinson differs from the present case in one important respect. In Wilkinson, the ALJ explicitly stated that he was giving a doctor's opinion "significant" weight, whereas here, the court is unable to say what weight the ALJ gave the medical opinions at issue. The ALJ's opinion in Wilkinson thus allowed for a determination that substantial evidence supported the conclusion, while the opinion here does not.

Without an explanation of the consideration given to the medical

6

opinions, the court is unable to determine whether the ALJ intentionally excluded some of the limitations found by Drs. Mrykalo and Kelsey from his report and from his questions to the VE, or what his reasons for not including those limitations might be. Because there is not an account of his reasoning as to these opinions, there is no way for the court to determine whether they should have been included in the RFC and consequently affected the type of work that the ALJ determined plaintiff would be able to perform. While the court understands that it is not in search of a perfect opinion by the ALJ, there must be sufficient weighing of the evidence of record to determine how the ALJ arrived at his decision. Here, the lack of explanation makes the ultimate determination of the types of work plaintiff can perform suspect.

## III.    CONCLUSION

For the reasons stated above, the report and recommendation of Judge Mehalchick is not adopted. The case is **REMANDED** to the ALJ for reconsideration in light of the issues addressed above. The clerk is directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 6, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2831-01.wpd